UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENCYCLOPAEDIA BRITANNICA, INC. and MERRIAM-WEBSTER, INC.,,

Movants,

v.

NEW ENTERPRISE ASSOCIATES, INC.,

Third Party Respondent.

Case No. 26-mc-80321-TSH

**ORDER DECLINING TRANSFER**

Re: Dkt. No. 1

Movants Encyclopaedia Britannica, Inc. and Merriam-Webster, Inc. move to compel nonparty New Enterprise Associates, Inc. (NEA) to comply with a document subpoena issued in *Encyclopaedia Britannica, Inc. v. Perplexity AI, Inc.*, No. 1:25-cv-07546-JLR-SLC (S.D.N.Y.). ECF No. 1. In the underlying action, Britannica alleges Perplexity AI, Inc. infringes its copyrights and trademarks through Perplexity's generative AI “answer engine.” Mot. at 1-3. NEA is an investor in Perplexity. *Id.* at 3. The subpoena seeks documents concerning, among other things, Perplexity’s acquisition and use of web content and NEA's evaluation of Perplexity, and it requires compliance in San Jose, California. Mot. at 4-9, ECF No. 1-3. Movants ask the Court to compel NEA to produce nonprivileged documents that hit on six search terms across eight custodians, and it opposes NEA’s request that Britannica bear the cost of compliance.

On November 4, 2026, the Court ordered the parties to meet and confer regarding potential transfer of the motion to the Southern District of New York under Federal Rule of Civil Procedure 45(f) and to file a joint statement addressing whether NEA consents to transfer and, if not, whether any party contends that exceptional circumstances warrant transfer. ECF No. 5. The Court stayed briefing on the motion pending resolution of that issue.

United States District Court
Northern District of California

United States District Court
Northern District of California

The parties filed their joint statement on November 18, 2026. ECF No. 6. NEA does not consent to transfer. *Id.* at 1. Movants contend exceptional circumstances exist because the underlying action has been pending since September 2025, Magistrate Judge Sarah L. Cave has held regular discovery conferences and resolved disputes concerning relevance, overbreadth, review methodology, and cost allocation, the search terms Britannica proposed to NEA derive from those it negotiated with Perplexity, and the issuing court could resolve the motion before fact discovery closes in March 2027. *Id.* at 1-3, 7. NEA responds that it is a local nonparty whom Rule 45(f) protects, that the issuing court's familiarity with the underlying case describes the ordinary case rather than an exceptional one, and that the issuing court has not ruled on NEA's subpoena, its objections, the custodians or search terms the parties negotiated, or NEA's entitlement to protection from significant expense under Rule 45(d)(2)(B)(ii). *Id.* at 8-11. NEA also contends that transfer would burden it because it conducted the meet-and-confer process under this District's rules and its opposition is substantially complete. *Id.* at 9.

Because NEA does not consent, the Court may transfer the motion only if it finds exceptional circumstances, and Movants, as the proponents of transfer, bear the burden of showing that such circumstances are present. Fed. R. Civ. P. 45(f) & Advisory Committee's note to 2013 amendment. Having considered the parties' positions, the Court finds Movants have not shown exceptional circumstances. The Court therefore **DECLINES** to transfer the motion to compel.

The stay of briefing is **LIFTED**. NEA shall file its opposition to the motion to compel by December 2, 2026. Britannica shall file any reply by December 9, 2026. The Court will advise the parties if it determines that a hearing is necessary. *See* Civ. L.R. 7-1(b).

**IT IS SO ORDERED.**

Dated: November 18, 2026

THOMAS S. HIXSON
United States Magistrate Judge